**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Nicholas Laudato,

Plaintiff,

v.

Select Specialty Hospital – Columbus, Inc.,

Defendant.

Case No. 2:25-cv-1235
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

Opinion and Order

This medical malpractice suit is before the Court on Defendant Select Specialty Hospital – Columbus, Inc.'s motion to dismiss for lack of subject matter jurisdiction. For the reasons stated below, the motion is granted.

**I.**

Plaintiff, a resident of Independence, Ohio, is the Special Administrator of the Estate of James Clagg, deceased. Clagg died on November 4, 2024 in Columbus, Ohio. The estate is in the Probate Court of Pike County, Ohio. The complaint alleges that Clagg died because of the negligence of Defendant and its employees. The complaint asserts claims under Ohio law for medical malpractice, wrongful death, and a violation of O.R.C. § 3721.13.

The complaint alleges that this Court has diversity jurisdiction. *See* 28 U.S.C. § 1332. Select Specialty Hospital-Columbus, Inc. is incorporated in the State of Delaware. Defendant agrees that it is a Delaware corporation, but it has moved to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction.

**II.**

Defendant has moved to dismiss based on the argument that its principle place of business is in Ohio. A corporation is a citizen of both the state of its incorporation and the state in which its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1); *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003). A corporation's principal place of business is where its "high level officers direct, control, and coordinate the corporation's activities," in other words, its headquarters or "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

Where, as here, a defendant challenges subject matter jurisdiction based on evidence outside of the pleadings, the Court treats it as a factual challenge. A factual challenge to subject matter jurisdiction, as opposed to a facial challenge, challenges the "factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). To resolve a factual challenge to jurisdiction, "the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003). Plaintiff has the burden of establishing jurisdiction on a Rule 12(b)(1) motion. *See Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012).

Defendant alleges that diversity of citizenship does not exist because its principle place of business is Columbus, Ohio. In support, Defendant has submitted a declaration and supplemental declaration of Lisa Pettrey, its Chief Executive Officer. *See* Docs. 10-1, 16-1. In those declarations, Ms. Pettrey states that Defendant is physically located at a single location in Columbus, provides all care and treatment from that location, and does not provides services anywhere else. As CEO, Ms. Pettrey's office is located within that location.

In response, Plaintiff points to a business certificate filing with the Ohio Secretary of State. *See* Doc. 15-1. In the certificate, Defendant indicates its principal place of business is Mechanicsburg, Pennsylvania. Plaintiff argues that this form is the best evidence of Defendant's actual place of business.

The Court finds that Plaintiff has not met its burden of establishing diversity jurisdiction. The certificate on which Plaintiff relies is from 2006. In addressing the exact same issue regarding Select Specialty Hospital-Columbus, Inc.'s principle place of business and another plaintiff's reliance on the 2006 certificate, a judge of this Court found:

> The Court is not convinced that a 20 year-old business form filed on the Ohio Secretary of State's website is sufficient to establish Select Specialty Hospital-Columbus, Inc.'s principal place of business for diversity jurisdiction purposes. *See Hertz*, 559 U.S. at 97 ("[W]e reject suggestions . . . that the mere filing of a form . . . listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'"). Plaintiff has provided no other evidence, nor requested to conduct limited discovery or an evidentiary hearing to establish that Select Specialty Hospital-Columbus, Inc.'s principal place of business is outside of Ohio. Accordingly, Plaintiff has not met its burden to establish subject matter jurisdiction.

*Daugherty v. Select Specialty Hospital-Columbus, Inc.*, Case No. 2:25-cv-1257 (S.D. Ohio) (Sargus, J.), Doc. 31 at PAGEID 94.

This Court agrees with the analysis and result of *Daugherty*. Defendant has submitted declarations which satisfy the "nerve center" test. Defendant has demonstrated that its CEO exercises control from a single location in Columbus, which is also where all of all Defendant's activities take place.

Defendant is thus a citizen of Ohio. Because Plaintiff is also an Ohio citizen, diversity jurisdiction does not exist.

**III.**

Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 10) is GRANTED. The complaint is dismissed without prejudice.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: September 25, 2026